NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-377

STATE OF LOUISIANA

VERSUS

ALBERT VERNON ROBERTSON
A/K/A ALBERT V. ROBERTSON

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 125727
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

**JUDGE
VAN H. KYZAR**
************

Court composed of D. Kent Savoie, Van H. Kyzar, and Candyce G. Perret, Judges.

**APPEAL DISMISSED.
MOTION TO WITHDRAW BY
COUNSEL GRANTED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**ALBERT VERNON ROBERTSON**
**A/K/A ALBERT V. ROBERTSON**

**Keith A. Stutes**
**District Attorney**
**Alan Haney**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Kyzar, Judge.**

On April 4, 2011, the defendant, Albert Vernon Robertson, A/K/A Albert V. Robertson, entered a plea of not guilty to theft over $500.00, a violation of La.R.S. 14:67.10, four counts of simple burglary, violations of La.R.S. 14:62, and unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4.[1] On June 15, 2011, Defendant entered a plea of guilty to one count of simple burglary, afterwhich the state dismissed the other remaining counts. On the same date, the State filed a habitual offender bill. Defendant entered a plea to being a habitual offender, the trial court ordered a presentence investigation report, and Defendant was advised that as a second-felony offender, the possible sentencing range was not less than six years and not more than twenty-four years, at hard labor. On December 12, 2011, at the sentencing hearing, Defendant requested a continuance, which was denied by the trial court, and was sentenced as a habitual offender to fourteen years of imprisonment at hard labor, with credit for time served.

On March 15, 2012, Defendant filed a motion to reconsider the sentence, which was denied on the same date. On May 16, 2018, Defendant filed a pro se motion to reconsider the sentence; on May 23, 2018, he filed a second pro se motion to reconsider the sentence; and, on August 31, 2018, he filed a third pro se motion to reconsider the sentence, all of which were denied by the trial court.

Defendant, alleging excessiveness, appealed, and this court affirmed his sentence. *State v. Robertson*, 12-889 (La.App. 3 Cir. 2/27/13) (unpublished opinion). On December 7, 2018, Defendant filed a brief in support of an application for post-conviction relief and out-of-time appeal, alleging that on December 12, 2011, the trial court imposed a sentence of fourteen years of hard labor for the

---

[1] La.R.S. 14:67.10 was repealed by 2017 La. Acts No. 281, § 3.

offense of simple burglary, that he had requested an appeal, and that no appeal was lodged on his behalf. On December 11, 2018, the trial court granted Defendant's application for post-conviction relief and out-of-time appeal.

On February 20, 2019, an appeal was lodged with this court. On February 25, 2019, this court ordered that a hearing be held to determine the entitlement of Defendant to court-appointed counsel for the purposes of appeal or whether, after an affirmative showing on the record that the trial court had informed Defendant of the dangers and disadvantages of self-representation, he made an intelligent and voluntary waiver of counsel. *State v. Robertson*, 19-134 (La.App. 3 Cir. 2/25/19) (unpublished opinion) (see the order issued on 2/25/19).

On April 29, 2019, at the hearing held pursuant to this court's February 25, 2019 order, the Louisiana Appellate Project was appointed to represent Defendant in his appeal. The instant appeal was lodged with this court on May 21, 2019. On June 13, 2019, this court issued a rule to show cause why this matter should not be dismissed as having been untimely filed and previously appealed, pursuant to La.Code Crim.P. art. 930.8 and *Robertson*, 12-889.

On June 28, 2019, Defendant's counsel filed a brief in compliance with this court's June 13, 2019 rule to show cause order, which included a motion to withdraw. Defendant's counsel argued that the appeal was untimely and that, if granted, it would be considered a successive appeal. Defendant's counsel further argued that although Defendant had no right to an appeal, the matter should still be remanded to the trial court for correction of the transcript and minute discrepancy regarding dismissed charges and that the trial court should be ordered to provide a corrected Uniform Commitment Order to the appropriate authorities in accordance with La.Code Crim.P. art. 892(B)(2) and the legal department of the Department of Corrections. Defendant's counsel included a motion to withdraw as counsel.

2

Defendant has already appealed his sentence, which was affirmed by this court. *Robertson*, 12-889. Defendant makes no showing that the transcript is incorrect. This court has obtained an affidavit from the clerk of court stating that the minute entry of June 15, 2011, in this matter, reflects that the remaining charges were dismissed by the State and that "[t]he record does not reflect any further paperwork being filed as to the dismissal of the charges." Further, we interpret Defendant's request regarding the Uniform Commitment Order as relating to the failure to reflect the dismissal of the other charges, but, for the reasons expressed above, no correction is warranted at this time. Therefore, we hereby dismiss Defendant's appeal and grant Defendant's counsel's motion to withdraw.

**APPEAL DISMISSED. MOTION TO WITHDRAW FILED BY COUNSEL GRANTED.**

3